**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE | : | Chapter 7 |
| | : | |
| GEORGE LINTON SHEPPARD, | : | |
| | : | Bankruptcy No. 15-17697-AMC |
| DEBTOR | : | |
| _____ | : | |
| | : | |

**ORDER**

Upon consideration of the Motion for Relief from the Automatic Stay ("Motion") filed by U.S. Bank National Association, as Trustee on Behalf of GSR Mortgage Loan Trust 2005-AR4 ("U.S. Bank") and the objection to the Motion ("Objection") filed by George Sheppard, ("Debtor") and the hearings scheduled in the connection with the Motion on July 18, 2016, September 28, 2016 and April 5, 2017, the Court hereby finds that:

**State Court Litigation**

1. On April 25, 2005, the Debtor and his wife, Judith A. Sheppard ("Mrs. Sheppard" and, collectively with the Debtor, the "Sheppards") executed a promissory note ("Note") in the amount of $787,500 in favor of Wells Fargo Bank, N.A. ("Wells Fargo") which was secured by a mortgage ("Mortgage") on real property located at 2256 Washington Lane, Huntington Valley, Pennsylvania ("Property").[1] *See* Opinion dated April 4, 2017 in Adv. Proc. No. 16-355 at pp. 1-2.

2. On July 1, 2009, the Sheppards defaulted on their obligations under the Note and Mortgage by failing to make the payments due under the Note. *Id.* at p. 2.

3. Wells Fargo subsequently assigned the Note and Mortgage to U.S. Bank. *Id.* at pp. 2

---

[1] Because many of the facts relevant to this proceeding have already been addressed in an opinion issued by this Court on April 4, 2017 in an adversary proceeding related to this bankruptcy proceeding (Adv. Proc. No. 16-355), the Court relies upon the findings of fact and conclusions of law from that opinion for ease of reference.

and 3.

4. On February 29, 2012, U.S. Bank filed a mortgage foreclosure complaint against the Sheppards in the Court of Common Pleas for Montgomery County ("CCP"). *Id.* at p. 2.

5. On September 11, 2014, the CCP entered an order granting summary judgment ("SJ Order") in favor of U.S. Bank in the amount of $1,153,370.32, plus interest. *Id.* at p. 4.

6. The Sheppards appealed the SJ Order with the Pennsylvania Superior Court ("Superior Court"). *Id.*

7. On December 22, 2015, the Superior Court filed an opinion affirming the SJ Order. *Id.*

8. On January 5, 2016, the Sheppards filed an application for re-argument *en banc* with the Superior Court which was denied on March 4, 2016. *Id.*

9. On March 28, 2016, the Sheppards filed a petition for the allowance of appeal ("Appeal") with the Pennsylvania Supreme Court ("Supreme Court"). *Id.* at p. 5.

10. On July 29, 2016, the Sheppards filed an application to amend their petition for the allowance of appeal ("Application") with the Supreme Court. *Id.*

11. On August 30, 2016, the Supreme Court entered an order denying the Sheppards' Appeal and Application. *Id.*

12. On September 13, 2016, the Sheppards filed an application for reconsideration and, on October 13, 2016, the Supreme Court entered an order denying the application. *Id.*

**Bankruptcy Filing**

13. In the midst of the state court litigation, on October 27, 2015, the Debtor filed a voluntary Chapter 7 bankruptcy petition in this Court. Docket Entry ("Dkt") No. 1.

14. On June 22, 2016, U.S. Bank filed the Motion seeking to foreclose on the Property based upon the Sheppards' failure to tender any payments under the Note for seven years beginning in July 2009. *See* U.S. Bank Motion for Relief ("Motion"), ¶ 11, Dkt. No. 53.

15. The Debtor objected to the Motion based upon arguments related to the state court litigation and his belief that U.S. Bank is an unsecured creditor because it failed to timely file a proof of claim. *See* Debtor's Objection to Motion, Dkt. No. 55.

16. On July 18, 2016, the Court held a hearing on the Motion and decided that the automatic stay should be lifted to permit the Supreme Court to render a final decision on the Appeal before the Court resolved the merits of the underlying Motion. Dkt. No. 56. At that hearing, the parties agreed that they would submit a mutually acceptable form of order consistent with the Court's decision. *Id.*

17. On July 29, 2016, a proposed order related to the Motion ("Proposed Order") was filed with the Court. Dkt. No. 57.

18. On August 8, 2016, the Court signed the Proposed Order ("Relief Order") which provided that, *inter alia*, the automatic stay would immediately terminate upon either: (1) the resolution of the Appeal, or (2) the closing of the Debtor's bankruptcy, whichever event occurred earlier. Dkt. No. 58.

19. On August 24, 2016, the Debtor filed a motion to vacate the Relief Order ("Motion to Vacate") based upon U.S. Bank's alleged failure to circulate the Proposed Order to him before filing it with the Court. Dkt. No. 60.

20. As a result, the Court scheduled a hearing on the Motion to Vacate for September 28, 2016. Dkt. No. 61.

21. At that hearing, the parties and the Court agreed that the Relief Order should be

vacated and that the Court would enter an amended order ("Amended Order") which would lift the automatic stay in order to permit the Appeal to be concluded, but, unlike the Relief Order, would not provide that the automatic stay would immediately terminate upon the resolution of the Appeal. Dkt. No. 63.

22. On the same day, the Court entered the Amended Order. Dkt. No. 64.

23. On October 11, 2016, the Debtor filed an adversary complaint ("Complaint") related to this proceeding against, *inter alia*, Wells Fargo, US Bank, U.S. Bank, Phelan Hallinan, and Stevens & Lee (collectively, the "Defendants") setting forth eight causes of action including fraud on the concealment; fraudulent misrepresentations and/or fraud on the court; intentional infliction of emotional distress, and slander of title. Dkt. No. 69.

24. On December 16, 2016, U.S. Bank and Stevens & Lee jointly filed a motion to dismiss the Complaint ("Dismissal Motion") arguing, *inter alia*, that the Debtor's claims were barred by the applicable statutes of limitations and by collateral estoppel. Adversary Proceeding Docket ("Adv. Dkt.") No. 23.

25. On December 21, 2016, Phelan Hallinan also filed a motion to dismiss the Complaint ("Second Dismissal Motion" and collectively with the Dismissal Motions, hereafter referred to as the "Dismissal Motions") and challenged, *inter alia,* the Debtor's standing to raise the issues in the Complaint since the Chapter 7 trustee ("Trustee") was the only party who could pursue the claims in the Complaint. Adv. Dkt. No. 26.

26. Subsequently, the Debtor filed responses in opposition to the Dismissal Motions, and U.S. Bank filed a reply brief thereto. Adv. Dkt. Nos. 32, 33 and 37.

27. On March 15, 2017, the Court held a hearing on the Dismissal Motions and ultimately determined that the Debtor did not have standing to file the Complaint because the

Chapter 7 Trustee was the sole party with standing to pursue such claims.[2] Adv. Dkt. No. 39.

28. At the conclusion of the hearing and upon confirmation that the Appeal had been fully resolved, the Court asked the parties to pick a mutually convenient date so that the Court could conclude its hearing on the Motion. *Id.*

29. The Debtor and counsel for U.S. Bank agreed to appear for a continued hearing on the Motion on April 5, 2017. *Id.*

30. At the April 5, 2017 hearing, the Debtor objected to the hearing on the Motion taking place based upon procedural due process concerns and argued that U.S. Bank should be required to file another motion seeking relief from the automatic stay.

31. Because (1) the Debtor already had full notice of the merits of the Motion as evidenced by: (a) the filing of a certificate of service by U.S. Bank on June 22, 2016 stating that the Motion was served upon the Debtor on June 22, 2016, (b) the filing of the Debtor's Objection to the Motion, and (c) the Debtor's attendance at the two hearings scheduled in connection with the Motion on July 18, 2016 and September 28, 2016, and (2) the Amended Order did not fully resolve the Motion and only delayed consideration of the Motion until the Appeal was resolved, the Court overruled the Debtor's objection and proceeded to hear evidence and argument on the Motion.

32. Thereafter, U.S. Bank offered, and ultimately moved into the record, documentation evidencing that no payments had been made under the Note since June of 2009.

33. Under oath, the Debtor admitted that no payments had been made under the Note

---

[2] On April 4, 2017, the Court entered an Order granting the Dismissal Motions and its Opinion in support of the Order. Adv. Dkt. Nos. 40 and 41.

since June of 2009.

34. Based upon the fact that both parties agree that no payments have been made under the Note since June of 2009 and, in light of the Debtor's failure to otherwise demonstrate that U.S. Bank's interests are adequately protected, the Court concludes that U.S. Bank has demonstrated "cause" under § 362(d)(1) and that its interests are not adequately protected in this bankruptcy proceeding. *See In re Stuart*, 402 B.R. 111, 122 (Bankr. E.D.Pa. 2009) ("Under § 362(d)(1), evidence of a debtor's post-petition default in mortgage payments meets a mortgagee's initial burden of production in establishing "cause" for relief.")[3]

THEREFORE, it is hereby ORDERED that the Motion is granted and U.S. Bank is permitted to pursue and enforce all of its state law rights against the Property in connection with the Note and Mortgage.

Date: April 6, 2017

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge

---

[3] The Court also notes that, although the Debtor argued in its Objection that U.S. Bank is not a secured creditor because it failed to file a proof of claim in this bankruptcy proceeding (but did not make such argument at the hearing), the Third Circuit has clearly held that the failure of a secured creditor to file a proof of claim in a bankruptcy proceeding does not void such creditor's lien. *In re Kressler*, 40 Fed. Appx. 712, 713 (3d. Cir. 2002) ("In determining the secured status of a claim, the bankruptcy statute specifically exempts from being voided a claim that does not obtain "allowed secured" status solely because a creditor did not file proof of the claim. *See* 11 U.S.C. § 506(d)(2) (voiding lien that is not an allowed secured claim unless "such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim"). *See also In re Estate of Lellock*, 811 F.2d 186, 187-88 (3d Cir.1987).")